UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

--------------------------------x

ID BIOMEDICAL CORPORATION,          :

       Plaintiff,          :

      v.          :          Civil Action No.

THE RESEARCH FOUNDATION          :
OF STATE UNIVERSITY OF
NEW YORK, MICHAEL J. LANE,          :
ALBERT S. BENIGHT, BRIAN
FALDASZ and MENTO SOPONIS          :

      Defendants.          :

--------------------------------x

**94 -CV- 0965**

**CGC          RWS**

## COMPLAINT

Plaintiff, ID Biomedical Corporation ("IDB"), by its attorneys, Skadden, Arps, Slate, Meagher & Flom, alleges upon knowledge with respect to itself and its own acts, and upon information and belief as to all other matters, as follows:

### Introduction

1. Plaintiff IDB is the rightful owner of two United States patent applications (the "Patent Applications") which have been wrongfully assigned to defendant The Research Foundation of State University of New York ("SUNY") by defendants Michael J. Lane, Albert S.

Benight, and Brian Faldasz, in concert with defendant
Mento Soponis.

2.    This action is brought pursuant to the
Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202
and New York common law, to compel defendants to assign
the Patent Applications to IDB, and to recover compensa-
tory and punitive damages resulting from defendants
tortious conduct.

### Jurisdiction and Venue

3.    This Court has subject matter jurisdiction
over this action under 28 U.S.C. § 1332(a) because there
is complete diversity of citizenship between the parties,
and because the matter in controversy exceeds the sum or
value of $50,000, exclusive of the interests and costs.
Venue is proper in this district pursuant to 28 U.S.C. §
1391(a).

### The Parties

4.    Plaintiff IDB is a British Columbia corpo-
ration having its principal place of business at 8855
Northbrook Court, Burnaby, British Columbia, V5J 5J2.
IDB is a medical research and development company which
is engaged in the commercial development of medical
products and technologies relating to human infectious
diseases, including cycling probe reaction amplification

2

technology ("CPR"), a DNA-based diagnostic system, and tuberculosis diagnostic technology (collectively, "IDB Technology").

5.    Defendant SUNY is a corporation organized and existing under the laws of the State of New York.  It has a principal office at State University Plaza, Albany, New York, 12201.

6.    Defendants Michael J. Lane of 3044 Claybourne Lane, Baldwinsville, New York 13027; Albert S. Benight of 1630 Valley View Drive, Schaumburg, Illinois 60193; Brian D. Faldasz of 4 Bellevue Terrace, Maynard, Massachusetts; and Mento A. Soponis of 7800 Crossland Road, Baltimore, Maryland 21208-4312 are directors and substantial stockholders of Tm Technologies, Inc. ("Tm").

7.    Tm is a Delaware company which IDB retained in 1993 to assist IDB in developing the IDB Technology.  The Patent Applications, which name defendants Lane, Benight and Faldasz as inventors, were a direct result of this collaborative research arrangement.

8.    Tm has its principal place of business at 82 Cummings Park, Woburn, Massachusetts 01810.  Tm is a subsidiary of Tm Technologies Corp. ("Tm Canada"), an Ontario corporation, having its principal place of

business at Suite 906, 101 Richmond Street West, Toronto, Ontario, M5H 1T1.

## The Letter Agreement

9.    On June 16, 1993, IDB and Tm entered into a letter agreement (the "Letter Agreement") which obligated TM to use its non-competing technology to help develop the IDB Technology.   Shortly before the execution of the Letter Agreement, Tm informed SUNY that Tm would enter into a collaborative research agreement with IDB.

10.    The Letter Agreement provided, among other things, that IDB would own all the intellectual property rights to any improvements to IDB's CPR technology (patentable or otherwise) and in addition IDB would own certain other intellectual property, developed through the collaborative efforts of Tm and IDB under the Letter Agreement.

## Misappropriation of IDB's Technology

11.    Following the execution of the Letter Agreement, IDB provided Tm personnel, including defendants Lane, Benight and Faldasz, with highly confidential and proprietary technical information and biological materials relating to IDB's Technology solely for the purpose of enabling Tm to perform its obligation of developing improvements to IDB's Technology.

4

12. On or about August 23, 1993, Lane and Benight told IDB that an improvement to IDB's Technology had resulted from their work under the Letter Agreement. The two scientists provided IDB with test data relating to the improvement and stated Tm's position that the improvement belonged to IDB under the terms of the Letter Agreement.

13. In early November, 1993, Tm informed IDB that Tm was preparing two patent applications relating to the improvement identified by defendants Lane and Benight. On November 17, 1993, Tm filed these two Patent Applications with the United States Patent and Trademark Office. Thereafter, Tm publicly announced its purported ownership of the Patent Applications.

14. IDB instituted litigation against Tm in Delaware Chancery Court to compel the assignment of the Patent Applications to IDB. Thereafter, on April 13, 1994, defendants Lane, Benight and Faldasz, at the direction and behest of defendant Soponis, assigned the two Patent Applications to SUNY. This assignment, which was in direct violation of IDB's rights under the Letter Agreement, was purportedly made pursuant to a license agreement between Tm and SUNY.

15.   Defendant SUNY accepted the assignment of the Patent Applications with knowledge of IDB's superior rights under the Letter Agreement.

16.   SUNY has no legitimate claim to ownership of the Patent Applications under the terms of its license agreement with Tm or otherwise.

COUNT I

For Declaratory Judgment
<u>(against SUNY)</u>

17.   IDB repeats and realleges each and every allegation set forth above as though fully set forth herein.

18.   By virtue of the terms of the Letter Agreement, IDB is entitled to legal and equitable owner-ship of the Patent Applications.

19.   IDB's rights to the Patent Applications are superior to the rights of all other parties including defendants SUNY, Lane, Benight, Faldasz and Soponis.

20.   In derogation of IDB's rights, SUNY know-ingly accepted assignment of the Patent Applications and is exercising, and will exercise dominion over the Patent Applications which is inconsistent with IDB's ownership thereof.

6

21.   Accordingly, IDB requires a judicial declaration that the Patent Applications belong to IDB.

22.   IDB has no adequate remedy at law.

### COUNT II

### Misappropriation of Trade Secrets

23.   IDB repeats and realleges each and every allegation set forth above as though fully set forth herein.

24.   IDB disclosed confidential and proprietary trade secrets to defendants Lane, Benight, Faldasz and Soponis solely for the purpose of enabling defendants to perform their functions for IDB under the Letter Agreement, consisting, among other things, of the development of improvements in IDB Technology, which would be the exclusive property of IDB.

25.   IDB disclosed its trade secrets to defendants with the express understanding and agreement at the time of disclosure that such information would be retained by them and Tm in confidence, and used solely for the purpose of improving the IDB Technology in accordance with the Letter Agreement.  The parties also understood and agreed that improvements to the IDB Technology would be retained in confidence in order to maintain and pre-

7

serve IDB's ability to exploit its intellectual property rights therein.

26.   In violation of their duty to maintain, in confidence, IDB's trade secrets, technology and improvements therein, and to use such information in accordance with the Letter Agreement, defendants Lane, Benight, Faldasz and Soponis, have (a) misappropriated IDB's trade secrets, technology and improvements therein for their own benefit; and (b) have disclosed and improperly assigned the two Patent Applications, which contain IDB's trade secrets, technology and improvements, to defendant SUNY.

27.   IDB has been irreparably harmed by defendants' tortious conduct and has no adequate remedy at law.

WHEREFORE, plaintiff IDB requests that the Court enter judgment against defendants:

A.   declaring that IDB is the true, legal and equitable owner of the Patent Applications and all trade secrets and information relating to IDB Technology;

B.   requiring that the defendants cause to be assigned to IDB the full title and interest to all technology and patent applications, including the two Patent

Applications filed on November 17, 1993, relating to the IDB Technology, including any and all improvements there-to and any and all corresponding foreign applications and subsequent related improvements thereto, and related improvements developed with the use of IDB's funding, materials or information;

C.    preliminarily and permanently enjoining defendants from making any further uses, transfers or disclosures of the IDB technology or any improvements thereto, including the two Patent Applications or any other confidential information or materials of IDB;

D.    declare that the Patent Applications and IDB's trade secrets and information are held by defen-dants in constructive trust for IDB's benefit;

E.    awarding compensatory and punitive damages against defendants in an amount to be determined at trial; and

F.    awarding IDB's attorneys' fees, experts' fees and costs in this action; and

G.   awarding to IDB such other and further relief as is just and proper.

Respectfully submitted,

Dated: August 2, 1994

SKAADEN, ARPS, SLATE,
    MEAGHER & FLOM
919 Third Avenue
New York, New York   10022
(212) 735-3000

**AND**

THUILLEZ, FORD, GOLD & CONOLLY
    (Of Counsel)

By: _Donald P. Ford_
    Donald P. Ford, Jr.
    (Bar Roll No: 101677)

90 State Street, Suite 1500
Albany, New York

TO:   Edward P. Welch
      Randolph K. Herndon
      SKADDEN, ARPS, SLATE, MEAGHER
          & FLOM
      One Rodney Square
      Post Office Box 636
      Wilmington, Delaware   19899