U.S. DISTRICT COU.
N.D. OF N.Y.
FILED

OCT 19 1994

GEORGE A. RAY, Clerk
ALBANY

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ID BIOMEDICAL CORPORATION,　　　　:

　　　　　　　Plaintiff,　　　　　　:

　- against -　　　　　　　　　　　:  ***ANSWER OF DEFENDANTS MICHAEL J. LANE, ALBERT S. BENIGHT, BRIAN FALDASZ AND MENTO SOPONIS***

THE RESEARCH FOUNDATION OF THE　 :
STATE UNIVERSITY OF NEW YORK,
MICHAEL J. LANE, ALBERT S.　　　 :
BENIGHT, BRIAN FALDASZ and　　　　  Civil Action No. 94-CV-0965
MENTO SOPONIS,　　　　　　　　　　: (CGC) (RWS)

　　　　　　　Defendants.　　　　　:

---

　　　Pursuant to Fed. R. Civ. P. 8, the Defendants Michael J. Lane, Albert S. Benight, Brian Faldasz and Mento Soponis (collectively, the "Tm Defendants") respond to the Complaint as follows:

　　　The TM Defendants respond to the numbered allegations of the Complaint as follows:

　　　1.　The Tm Defendants deny the allegations of paragraph 1.

-2-

2. The Tm Defendants state that paragraph 2 states a conclusion of law to which no response is required. To the extent an answer is required, the Tm Defendants state that the Complaint fails to state a cause of action upon which relief may be granted.

3. The Tm Defendants state that paragraph 3 states a conclusion of law to which no response is required.

4. The Tm Defendants admit the allegations of paragraph 4.

5. The Tm Defendants deny that The Research Foundation of State University of New York ("The Research Foundation") is properly addressed as "SUNY" but otherwise admit the allegations of paragraph 5.

6. The Tm Defendants admit the allegations of paragraph 6.

7. The Tm Defendants admit that Tm is a Delaware corporation and that the Defendants Lane, Benight, and Faldasz are named as inventors on patent applications but deny the remaining allegations of paragraph 7, and further assert that those allegations are conclusions of law to which no response is required.

8. The Tm Defendants admit the allegations of paragraph 8, except that they state that Tm's zip code is 01801.

-3-

9. The Tm Defendants admit that on June 16, 1993, Tm and IDB entered into a letter agreement (the "Letter Agreement") and that Tm informed SUNY that it did so, but deny the remaining allegations of paragraph 9.

10. The Tm Defendants state that the allegations of this paragraph state conclusions of law to which no response is required. To the extent a response may be required, the Tm Defendants deny the allegations of paragraph 10.

11. The Tm Defendants admit that IDB provided certain Tm personnel with certain technical information and biological materials to enable Tm to carry out tasks in the collaboration with IDB, but deny the remaining allegations of paragraph 11.

12. The Tm Defendants admit that, on or about August 23, 1993, Drs. Lane and Benight reported to IDB an improvement in certain CPR technology of IDB and provided IDB with test data relating to that improvement, but deny the remaining allegations of paragraph 12.

13. The Tm Defendants admit that on November 17, 1993, Tm filed two patent applications with the U.S. Patent and Trademark Office, one of which related to the improvement identified in

paragraph 12, and announced its ownership of those applications, but deny the remaining allegations of paragraph 13.

14. The Tm Defendants admit the allegations of the first sentence of paragraph 14; that, on April 3, 1994, Drs. Lane and Benight and Mr. Faldasz assigned two patent applications to The Research Foundation; pursuant to a license agreement between Tm and The Research Foundation and other agreements, such as prior assignments and employment and consulting agreements, of the named inventors, but deny the remaining allegations of paragraph 14.

15. The Tm Defendants admit that The Research Foundation of State University of New York accepted the assignment of the Patent Applications but deny the remaining allegations of paragraph 15.

16. The Tm Defendants deny the allegations of paragraph 16.

17. The Tm Defendants incorporate herein by reference their responses to paragraphs 1-16 of the Complaint.

18. The Tm Defendants deny the allegations of paragraph 18.

19. The Tm Defendants deny the allegations of paragraph 19.

20. The Tm Defendants deny the allegations of paragraph 20.

21. The Tm Defendants state that the allegations of this paragraph state conclusions of law to which no response is required. To the extent a response may be required, the Tm Defendants deny the allegations of paragraph 21.

22. The Tm Defendants state that the allegations of this paragraph state conclusions of law to which no response is required. To the extent a response may be required, the Tm Defendants deny the allegations of paragraph 22.

23. The Tm Defendants incorporate herein by reference their responses to paragraphs 1-22 of the Complaint.

24. The Defendants state that the allegations of this paragraph state conclusions of law to which no response is required. To the extent a response may be required, the Tm Defendants deny the allegations of paragraph 24.

25. The Tm Defendants deny the allegations of paragraph 25.

26. The Tm Defendants deny the allegations of paragraph 26.

27. The Tm Defendants state that the allegations of this paragraph state conclusions of law to which no response is

-6-

required. To the extent a response may be required, the Tm Defendants deny the allegations of paragraph 27.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

28. There is a prior, pending action commenced by the Plaintiff involving the same subject matter, entitled <u>ID Biomedical Corporation v. Tm Technologies, Inc.</u>, Civil Action No. 13269, Del. Ch. Ct., New Castle County.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

29. The Complaint fails to state a cause of action upon which relief may be granted.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

30. IDB has waived its purported claims.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

31. IDB is estopped to assert its purported claims.

**WHEREFORE**, the Tm Defendants request that the Court:

-7-

a) enter judgment dismissing all counts of the Complaint with prejudice;

b) award the Tm Defendants their costs and attorneys' fees; and

c) award such other relief as the Court deems just and proper.

Dated: October 17, 1994

*WHITEMAN OSTERMAN & HANNA*

By: *Beth A. Bourassa*
Beth A. Bourassa, Esq.
Bar Roll No. 301097
Attorneys for Defendants, Michael
   J. Lane, Albert S. Benight, Brian
   Faldasz and Mento Soponis
One Commerce Plaza
Albany, New York 12260
(518) 487-7600

Of Counsel:

   John J. Regan, Esq.
   Wayne L. Stoner, Esq.
   Hale and Dorr
   60 State Street
   Boston, Massachusetts  02109
   (617) 526-6000

```
                                                 U.S. DISTRICT COU..
                                                   N.D. OF N.Y.
                                                      FILED

                                                   OCT 19 1994

                                                GEORGE A. RAY, Clerk
                                                      ALBANY
```

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ID BIOMEDICAL CORPORATION,           :

              Plaintiff,    :

  - against -                       :      *AFFIDAVIT OF SERVICE*

THE RESEARCH FOUNDATION OF THE       :
STATE UNIVERSITY OF NEW YORK,
MICHAEL J. LANE, ALBERT S.           :
BENIGHT, BRIAN FALDASZ and                  Civil Action No. 94-CV-0965
MENTO SOPONIS,                       :      (CGC) (RWS)

             Defendants.   :

---

STATE OF NEW YORK)
               ) SS.:
COUNTY OF ALBANY )

James Wiggin, being duly sworn, deposes and says:

1. I am not a party to this action and am over 18 years of age.

2. On October 17, 1994, I served Defendants Michael J. Lane, Albert S. Benight, Brian Faldasz and Mento Soponis' Answer upon Ann Cummings Crowell, Esq., located at Thuillez Ford Gold & Conolly, 90 State Street, 15th Floor, Albany, New York 12207, by personally hand

-2-

delivering same to L. Dingley, the receptionist at said address at approximately 4:30 p.m. on the date aforementioned.

_____
JAMES WIGGIN

Sworn to before me this
17th day of October, 1994.

_____
NOTARY PUBLIC, STATE OF NEW YORK

PATRICIA M. LANDRIGAN
Notary Public, State of New York
No. 4887803
Qualified in Rensselaer County
Commission Expires March 23, 19___